**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARCOS VALENZUELA,

Defendant-Appellant.

No.    22-50212

D.C. No.
3:21-cr-01056-DMS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Argued and Submitted September 14, 2023
Pasadena, California

Before:  SCHROEDER, FRIEDLAND, and MILLER, Circuit Judges.

Marcos Valenzuela, a former Customs and Border Patrol ("CBP") officer,

appeals his jury conviction for deprivation of rights under color of law, in violation

of 18 U.S.C. § 242, and falsification of records in a federal investigation, in

violation of 18 U.S.C. § 1519.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

It was not plain error to enter judgment in accordance with the jury's convictions of Valenzuela on both counts. The evidence was sufficient to support both convictions. The video footage and the testimony of the CBP officers provided sufficient evidence for the jury to find that Valenzuela's force was excessive and violated Lopez's rights. Nothing in the video footage suggests that Lopez's behavior justified Valenzuela's tackling him to the ground. A rational juror also could have concluded that Valenzuela falsified his report and that he knew or believed that his actions would result in false government records. Valenzuela's falsifications went beyond the kind of innocent mistakes attributable to a faulty memory. Valenzuela claimed in his report, for example, that Lopez was repeatedly waving his arms around and throwing things, but the video footage shows Valenzuela almost immediately pulled Lopez from the car and tackled him, with no arm waving or throwing preceding those actions. The sheer number of discrepancies also suggests that they were not mistakes.

The district court did not abuse its discretion in excluding Lopez's Facebook post. This court reviews "challenged evidentiary rulings for an abuse of discretion." *United States v. Lopez*, 4 F.4th 706, 714 (9th Cir. 2021). None of the limited objectives authorized by Federal Rule of Evidence 404(b)(2) apply. The post was made after the border incident took place and had no bearing on

Valenzuela's conduct at the time of the incident. The post also was not relevant to Valenzuela's state of mind while writing his report, as nothing in the post would have affected his ability to recall what had occurred during the incident hours earlier.

The district court did not abuse its discretion in sustaining the government's objection to Valenzuela's opening statement's reference to Lopez's racial epithets. The epithets were directed at the motorcyclist and occurred while Lopez and the motorcyclist were in pre-primary, before the confrontation between Lopez and Valenzuela. Any resulting perception of Lopez as dangerous also would not have justified the force Valenzuela used on Lopez while he was physically compliant.

**AFFIRMED.**